UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DEVANTE JIGGETTS, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:23-CV-102-JD-JEM |
| ARKMARK, | |
| Defendant. | |

OPINION AND ORDER

Devante Jiggetts, a prisoner without a lawyer, filed a complaint alleging he was served a piece of cake with staples in it at the St. Joseph County Jail on January 11, 2023. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Jiggetts alleges he saw the staples before he ate the cake and reported it to a guard. He says the guard replaced his meal and reported the incident to a sergeant for investigation. Jiggetts speculates it was not properly investigated. Jiggetts indicates this happened before he was confined, but that is impossible since he was clearly an inmate at the jail when this happened. It is most likely he was a pretrial detainee. "In

evaluating the constitutionality of conditions or restrictions of pretrial detention . . . the proper inquiry is whether those conditions amount to punishment of the detainee." *Id*. "[I]n the absence of an expressed intent to punish, a pretrial detainee can nevertheless prevail by showing that the actions are not 'rationally related to a legitimate nonpunitive governmental purpose' or that the actions 'appear excessive in relation to that purpose.'" *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015) (*quoting Bell*). However, for a pre-trial detainee to establish a claim under the Fourteenth Amendment, "it will not be enough to show negligence or gross negligence." *Miranda v. Cty. of Lake*, 900 F.3d 335, 353 (7th Cir. 2018).

Jiggetts found staples in his cake. It is unclear how they got there, but thankfully he was not injured by them. Without a physical injury, this complaint does not state a claim. *See* 42 U.S.C. § 1997e(e). "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). Such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED on July 26, 2023

/s/JON E. DEGUILIO  
JUDGE  
UNITED STATES DISTRICT COURT

2